IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JP Morgan Chase Bank, National Association, <br><br> Plaintiff, <br><br> vs. <br><br> Lakendra Eubanks, Kendriana Eubanks, <br><br> Defendants. | Civil Action No. 3:26-cv-1424-CMC <br><br><br> **ORDER** |

This matter is before the court on Defendants' pro se Notice of Removal filed April 3, 2026.  Dkt. No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On May 4, 2026, the Magistrate Judge entered a Report and Recommendation ("Report") recommending this matter be remanded to the Court of Common Pleas in Aiken County, South Carolina. Dkt. No. 12.  The Magistrate Judge advised Defendants of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Defendants filed an objection to the jurisdiction of the Magistrate Judge. Dkt. No. 16.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28

U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends remand because "Defendants fail to identify a viable jurisdictional basis for removal of this state law mortgage foreclosure action." Dkt. No. 12 at 2. Defenses to a foreclosure action, even if based on federal statutes or acts, do not establish removal jurisdiction. *Id.* at 3 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985)). Further, diversity jurisdiction is not available because one Defendant is a citizen of the forum state, and 28 U.S.C. § 1348 does not apply because the action was not commenced by the United States. Accordingly, the Report recommends remand to state court and, additionally, notes the removal was untimely. Dkt. No. 12 at 3.[1]

Defendants object to the jurisdiction of the Magistrate Judge over this case. Dkt. No. 16 at 1. They do not consent to the Magistrate Judge's involvement in these proceedings or entry of a final order. *Id.* They request all proceedings be conducted before a United States District Judge. *Id.*

---

[1] The Report notes this is only a recommendation, and the District Court shall make the final disposition. *Id.* at 4.

2

After a review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Defendants' objections, the court agrees this matter should be remanded, as there is no basis for removal jurisdiction. Defendants' objections do not focus on the substance of the Report, but merely request the District Judge enter the final order in this case. As the Magistrate Judge makes only a recommendation on dispositive matters, the District Judge makes the final ruling, and does so here. Accordingly, this case is hereby remanded to the Aiken County Court of Common Pleas.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 1, 2026

3